1  **O'MELVENY & MYERS LLP**
   Daniel M. Petrocelli, CA Bar No. 97802*
2  dpetrocelli@omm.com
   David Marroso, CA Bar No. 211655*
3  dmarroso@omm.com
   Joseph Guzman, CA Bar No. 310493*
4  jguzman@omm.com
   1999 Avenue of the Stars, 8th Floor
5  Los Angeles, CA 90067
   Phone  310 553-6700
6  Fax     310 246-6779
   *Admitted pro hac vice
7

8  **HONE LAW**
   Eric D. Hone, NV Bar No. 8499
9  ehone@hone.law
   Jamie L. Zimmerman, NV Bar No. 11749
10 jzimmerman@hone.law
   701 N. Green Valley Parkway, Suite 200
11 Henderson, NV 89074
   Phone  702-608-3720
12 Fax     702-703-1063

13 *Attorneys for Defendant Top Rank, Inc.*

14                    UNITED STATES DISTRICT COURT

15                           DISTRICT OF NEVADA

16 | TERENCE CRAWFORD, an individual, | Case No. 2:22-cv-00081-APG-EJY |
   |---|---|
17 | Plaintiff, | |
18 | vs. | **DEFENDANT TOP RANK, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |
19 | TOP RANK, INC., a Nevada corporation; and Does 1 through 20, inclusive, | |
20 | Defendants. | |

23       Defendant Top Rank, Inc., by and through its undersigned counsel, hereby files its

24 Opposition to Plaintiff Terence Crawford's Motion to Remand.  ECF No. 21.  This opposition is

25 made and based on the following memorandum of points and authorities and supporting exhibits,

26 including the Declaration of Eric D. Hone, attached as **Exhibit 1**, and the Declaration of Bob

27 Arum attached as **Exhibit 2**; the papers and pleadings already on file herein; and any argument

28 of counsel that may be permitted should the Court set a hearing of this matter.

1

# I. INTRODUCTION

Plaintiff Crawford is a Nebraska resident. Defendant Top Rank is a Nevada resident. Because complete diversity exists and the amount in controversy exceeds $75,000, this Court possesses subject matter jurisdiction under 28 U.S.C. § 1332(a). Top Rank had the right to remove the case from Nevada state court to Nevada federal court. 28 U.S.C. § 1441.

Nevertheless, Crawford moved to remand to state court based on 28 U.S.C. § 1441(b)(2), the "forum defendant" provision, which states: "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Here, however, Top Rank removed the case to federal court nine days *before* being served with the Complaint. *See* ECF No. 1 (Petition for Removal); ECF Nos. 6, 6-1 (Affidavit of Service). The Second, Third, Fifth, and Sixth Circuits all have permitted removal (and denied remand to state court) under similar circumstances.[1] As Crawford appears to concede, the Ninth Circuit has not addressed this precise question, but courts within the Circuit have reached the same pro-removal conclusion.[2]

Top Rank is aware this Court has reached the opposite determination, departing from the Circuits and sister courts, based on specific circumstances of those cases and due to twin concerns that: [1] so-called "snap removal" reflected gamesmanship by well-resourced, sophisticated defendants monitoring court filings and quickly removing a case before the plaintiff has the opportunity to serve the complaint; and [2] snap removal would prejudice the

/ / /
/ / /
/ / /



---

[1] *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *McCall v. Scott*, 239 F.3d 808, 813, n.2 (6th Cir. 2001).

[2] *See, e.g., Choi v. GM LLC*, 2021 WL 4133735, at *4 (C.D. Cal. Sept. 9, 2021); *Sherman v. Haynes & Boone*, 2014 WL 4211118, at *1 (N.D. Cal. Aug. 22, 2014).

plaintiff by forcing it into a forum in which it never agreed to litigate.[3]  Neither concern exists here.  Indeed, in this case, gamesmanship and prejudice favor removal.

<u>No Gamesmanship</u>.  It is Crawford, not Top Rank, who engaged in filing gamesmanship.  At bottom, this is a contract case, where a boxer accuses his former promoter of not offering him enough bouts and falsely promising to land a specific fight.  Yet Crawford laced a typical commercial complaint with irrelevant, salacious, and false allegations that Top Rank is racist.  Crawford filed the document but did not serve Top Rank or its registered agent.  Nor did Crawford provide a "soft copy" to Top Rank's General Counsel, with whom Crawford dealt with in the recent past.  Instead, Crawford apparently sent the complaint to the New York *Post*, along with a quote about the sensational and untrue racism claims.

Top Rank was not monitoring the court docket for complaints by Crawford or anyone else.  Rather, Top Rank learned about Crawford's complaint when the New York *Post* emailed it to Top Rank's founder Bob Arum requesting comment.  The *Post* published an article an hour later with an incendiary quote from Crawford's counsel.  Crawford did not serve Top Rank directly or through its registered agent of process that day, or the next, or the next.  Betraying his real desire to litigate this matter in the press room, not the courtroom, Crawford waited *12 days* to serve Top Rank, including nine days after Top Rank removed the case to federal court.

<u>No Prejudice</u>.  Nor would Crawford be prejudiced if this Court recognized its statutory jurisdiction over the matter.  Different from the cases where removal was denied, Crawford already agreed through his contract with Top Rank that cases brought by either party could be litigated in Nevada federal court.  Honoring Top Rank's statutory right to remove the case would not subject Crawford to a forum in which he never agreed to litigate.

Top Rank respectfully requests this Court to follow the lead of the Second, Third, Fifth, and Sixth Circuits, recognize Top Rank's right to seek jurisdiction in federal court, and deny

/ / /

---

[3] *See, e.g.*, *Wells Fargo Bank, N.A. as Tr. of Holders of Harborview Mortg. Loan Tr. Mortg. Loan Pass-Through Certificates, Series 2006-12 v. Fid. Nat'l Title Grp., Inc.*, 2020 WL 7388621 (D. Nev. Dec. 15, 2020); *Wells Fargo Bank, N.A. v. Fid. Nat'l Title Grp., Inc.*, 2021 WL 3081058, at *5 (D. Nev. July 20, 2021).

Crawford's motion to remand.

## II. FACTUAL AND PROCEDURAL BACKGROUND[4]

Top Rank was Crawford's boxing promoter from 2011 until late 2021. Compl. ¶¶ 33, 41. Due to his immense physical talents and under Top Rank's promotional guidance, Crawford grew to become the "preeminent welterweight professional boxer of his generation," one of only six male boxers in history to simultaneously hold all four major world titles in boxing, and one of top pound-for-pound boxers in the world. Compl. ¶ 2.

From August 22, 2018, through November 20, 2021, Top Rank promoted Crawford pursuant to the 2018 Exclusive Promotional Rights Agreement (the "2018 Agreement"). Compl. ¶¶ 33, 41; Declaration of Bob Arum ("Arum Decl.") ¶ 3. The 2018 Agreement was negotiated by representatives of Crawford and Top Rank and defines Top Rank's promotional rights, the term of the parties' relationship, payments to Crawford, selection of opponents, and the parties' representations and warranties. Arum Decl. ¶ 3. The 2018 Agreement states "[t]he parties hereby (a) expressly consent to the sole and exclusive personal jurisdiction and venue of the state *and federal courts* located in Clark County, Nevada for any dispute between the parties." *Id.* at ¶ 5. Crawford and his manager signed the 2018 Agreement on September 3, 2018. *Id.* at ¶ 4.

Three months after the expiration of the 2018 Agreement, Crawford sued Top Rank. ECF No. 1. Crawford filed his complaint the morning of January 12, 2022. ECF No. 1., Ex. A. Top Rank learned about the filing early that morning – but not from monitoring the docket or from a "tickler" service. Rather, at 9:09 a.m., Emily Smith, a Page Six Editor of the New York *Post*, emailed the complaint to Arum, and wrote "I would be very grateful if you could comment." Arum Decl. ¶ 6, Ex. 1. Less than an hour later, 10:02 a.m., the *Post* published an article quoting heavily from the complaint and from Crawford's lead attorney.[5]

/ / /

---

[4] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

[5] *See* Emily Smith, "Terence Crawford claims Bob Arum's 'revolting racial bias' hurt his career," NEW YORK POST (Jan. 12, 2022) *available at* https://nypost.com/2022/01/12/terence-crawford-claims-bob-arums-revolting-racial-bias-hurt-his-career/.

Top Rank did not take any steps in the case on January 12, 13, or 14. Top Rank finally filed a Notice of Removal to this Court on January 15, 2022. ECF No. 1. In its Petition for Removal, Top Rank set forth the bases for removal under 28 U.S.C. § 1332(a): completely diversity, the amount in controversy exceeded $75,000, and all procedural requirements for removal had been met. *Id.* at 2. Top Rank acknowledged that it was a Nevada (forum) resident, but explained that the forum defendant rule in 28 U.S.C. § 1441(b) did not prevent removal because Crawford had not served Top Rank with the complaint. *Id.* at 2–3. Crawford *still* did not serve Top Rank for another nine days, until January 24, 2022. ECF No. 6.

After service, at Top Rank's request, the Parties met and conferred regarding the schedule of required motions. Hone Decl. ¶ 4. During a February 7, 2022 conference, Crawford's counsel informed Top Rank's counsel that Crawford was undecided on whether to seek remand and that a decision would be made in the coming days. *Id*. at ¶ 5. The Parties agreed it would be more efficient to resolve a potential motion to remand before Top Rank filed an answer and/or motions to dismiss. *Id.* at ¶ 6; *see also* ECF No. 19. The parties entered and the Court ordered a stipulation to extend deadlines to respond to the complaint accordingly. ECF Nos. 19, 20. Crawford filed the pending motion to remand on February 14, 2022. ECF No. 21.

### III. ARGUMENT

**A. This Court has Diversity Jurisdiction Over This Case Pursuant to 28 U.S.C. § 1332(a).**

This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) because: (i) this action is a civil action pending within the jurisdiction and territory of the United States District Court for the District of Nevada; (ii) the action is between citizens of different states; (iii) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; and (iv) all procedural requirements for removal are met.

Crawford is a resident of the State of Nebraska. Compl. ¶ 9. Top Rank is a Nevada corporation with a principal place of business in Las Vegas, Nevada. *Id.* ¶ 10. Thus, it is a citizen of Nevada for diversity purposes.

Crawford seeks "no less than $4,500,000" for his first breach of contract claim, *id.* ¶ 42,

5

and "an amount in excess of $900,000" for his second breach of contract claim, *id.* ¶ 75. These amounts well exceed the $75,000 amount in controversy requirement set by 28 U.S.C. § 1332.

Top Rank timely filed this Petition for Removal. Crawford filed this action on January 12, 2022. ECF No. 1. Thus, Top Rank's removal fell within the thirty-day period prescribed by 28 U.S.C. § 1446(b)(1), and was filed less than one year after the action was initiated, as required by 28 U.S.C. § 1446(c)(1). Based on the foregoing, this Court indisputably has diversity jurisdiction to hear this case.

Crawford confuses the question whether this court possesses jurisdiction to hear the case with the question whether a forum defendant may effect removal. Even those courts that have denied a forum defendant's "snap removal" recognize they possess jurisdiction over the case. *See, e.g., U.S. Bank Nat'l Ass'n v. Martin*, 2015 WL 2227792, at *6 (D. Haw. Apr. 23, 2015) ("[A]lthough this Court would otherwise have original jurisdiction under diversity of citizenship, the forum defendant rule precludes [Defendant] from removing her case to federal court."); *see also Deutsche Bank Nat'l Trust Co. as Tr. for Am. Home Mortg. Inv. Trust 2007-1 v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1017-18 (D. Nev. 2021) (same).

In the face of these decisions, Crawford relies on a 1979 case that is inapposite: *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74 (9th Cir. 1979). In *Preaseau*, the Ninth Circuit, reviewing its decision in *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969), explained that removal is improper if "the citizenship of any codefendant . . . destroys complete diversity." *Preaseau*, 591 F.2d at 78 (citing *Morris*, 412 F.2d at 1176). In *Morris*, the plaintiff (a California corporation) sued two defendants (a Washington corporation and a California corporation) in Nevada state court. The defendant Washington corporation removed prior to service of the complaint on the defendant California corporation, whose presence would destroy complete diversity among the parties. *Morris*, 412 F.2d at 1175. There, as affirmed in *Preaseau*, the Ninth Circuit held it is improper to remove where a defendant "joined by the plaintiff in good faith," whose presence would defeat diversity, had not been served. 591 F.2d at 78 (citing *Morris*, 412 F.2d at 1176, n.1). In other words, *Preaseau* addressed whether a defendant could expand the federal court's diversity jurisdiction under 28 U.S.C. § 1332 by removing prior to

service of a defendant whose presence would defeat service.

There are no such jurisdictional concerns here. Complete diversity between Crawford (a Nebraska citizen) and Top Rank (a Nevada citizen) exists and Crawford seeks more than $75,000. Whether Top Rank removed prior or subsequent to service does not affect the existence of complete diversity between the parties, as required by 28 U.S.C. § 1332. Since all elements of diversity jurisdiction are met, Top Rank's removal was indisputably proper from a jurisdictional perspective.

**B. <u>Crawford Cannot Invoke the Forum Defendant Rule To Defeat This Court's Diversity Jurisdiction.</u>**

**1. Top Rank's Removal Was Proper**

Crawford argues Top Rank's removal was improper under the so-called "forum defendant rule" of 28 U.S.C. § 1441(c), which prohibits removal by a defendant who "is a citizen of the State in which such action is brought" when that defendant has been "joined and served."

The question here (as in other cases) is whether a forum defendant who has not been served may remove the action to federal court. When interpreting a statute, courts in the Ninth Circuit must "begin, as always, with the language of the statute." *Navajo Nation v. Dep't of Health & Human Servs.*, 325 F.3d 1133, 1136 (9th Cir. 2003) (en banc). "A primary canon of statutory interpretation is that the plain language of a statute should be enforced according to its own terms, in light of its context." *ASARCO, LLC v. Celanese Chem. Co.*, 792 F.3d 1203, 1210 (9th Cir. 2015). Thus, where the statute's "language is plain and admits of no more than one meaning the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *U.S. Bank, N.A. as Tr. to Wachovia Bank Nat'l Ass'n v. Fidelity Nat'l Title Group, Inc.*, 2021 WL 5566538, at *3 (D. Nev. Nov. 29, 2021) (citing and quoting *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 878 (9th Cir. 2001) (en banc)).

Title 28 U.S.C. § 1441(a) permits removal "by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Section 1441(b)(2) contains an exception which applies "if any of the parties in interest properly joined and served as defendants is a citizen of the State where such action is



brought." "Reading Section 1441 as a whole, removal is generally allowed; however, prohibited when a forum defendant, *who has been properly joined and served*, seeks to remove the case." *U.S. Bank*, 2021 WL 5566538, at *4. Joined *and* served. "[T]he language and meaning of 28 U.S.C. § 1441 is both plain and unambiguous." *Id.* at *4. Here, Top Rank removed before any defendant was served. As in *U.S. Bank*, 2021 WL 5566538, the exception to § 1441(a) does not apply, and removal to federal court was proper.

Multiple Circuit courts have recognized removal by a forum defendant who had been sued but not served, relying on a plain-language interpretation of the statute's text:

- *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019): "The statute plainly provides that an action may not be removed to federal court on the basis of federal diversity of citizenship once a home-state defendant has been '*properly* joined and *served*.' 28 U.S.C. § 1441(b)(2). By its text, then, Section 1441 (b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."

- *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018): "Congress' inclusion of the phrase 'properly joined and served' addresses a specific problem — fraudulent joinder by a plaintiff — with a bright-line rule. Permitting removal on the facts of this case does not contravene the apparent purpose to prohibit that particular tactic. Our interpretation does not defy rationality or render the statute nonsensical or superfluous, because: (1) it abides by the plain meaning of the text; (2) it envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal; and (3) it protects the statute's goal without rendering any of the language unnecessary."

- *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020): "In statutory interpretation, an absurdity is not a mere oddity. The absurdity bar is high, as it should be. The result must be preposterous, one that 'no reasonable



> person could intend.' . . . In our view of reasonableness, snap removal is at least rational. Even if we believe there was a drafter's failure to appreciate the effect of certain provisions, such a flaw by itself does not constitute an absurdity."

- *McCall v. Scott*, 239 F.3d 808, 813, n.2 (6th Cir. 2001). "Where there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."

Crawford cited no Circuit Court case reaching the opposite conclusion, and our research reveals none. The Ninth Circuit has not ruled on this issue. Crawford does not appear to argue otherwise. But other district courts within the Ninth Circuit have granted removal by a "local defendant" that has not been "joined *and served*." *See, e.g.*, *Choi v. GM LLC*, 2021 WL 4133735, at *4 (C.D. Cal. Sept. 9, 2021) ("Unless and until" Congress rewrites § 1441(b)(2), "the Court's role is to apply the plain language of a statute, and the plain language of Section 1441(b)(2) demonstrates that a 'local defendant' has to be 'properly joined *and served*' before the prohibition present in Section 1441(b)(2) goes into effect.") (emphasis in original); *Sherman v. Haynes & Boone*, 2014 WL 4211118, at *1 (N.D. Cal. Aug. 22, 2014) ("[T]he Northern District of California has consistently held a defendant may remove an action prior to receiving proper service; even when the defendant resides in the state in which the plaintiff filed the state claim.").[6]

### 2. This Court's Reasoning In Past Snap Removal Decisions Counsels In Favor of Top Rank, *Not* Crawford.

Top Rank is aware that this Court has ruled that snap removal is improper, resulting in an intra-district spilt on the question. *Compare Wells Fargo*, 2020 WL 7388621 at *3 (denying

---

[6] This Court's previous reliance on the federal Massachusetts district court opinion in *Gentile v. BioGen IDEC, Inc.*, 934 F. Supp. 2d 313 (D. Mass. 2013) to reach a contrary conclusion is misplaced. The court in *Gentile* reasoned, in part, that the framework of Section 1441 "assumes that at least one party has been served; ignoring that assumption would render a court's analysis under the exception nonsensible and the statute's use of 'any' superfluous." 934 F. Supp. 2d at 318. That analysis effectively "rewrites the removal statute to require that at least one defendant be properly served," transforming Section 1441(b)(2) from an *exception* to a *requirement*. *U.S. Bank*, 2021 WL 5566538, at *4. Instead, the proper interpretation of § 1441(b)(2) prohibits removal *if any only if* a forum-defendant has been served. That did not happen here.

9

snap removal) *with U.S. Bank, N.A.*, 2021 WL 5566538 at *5 (granting snap removal). But the factors animating this Court's prior decisions actually counsel against Crawford and in favor of Top Rank in this case.

This Court has expressed concern regarding how snap removal contrasted with one purpose of removal jurisdiction; namely, to "protect non-forum litigants from possible state court bias in favor of forum-state litigants" and "to protect[] the plaintiff's choice of a state court forum where a forum defendant is a proper party to the case." *Wells Fargo*, 2020 WL 7388621, at *3; *see also Wells Fargo*, 2021 WL 3081058, at *3-4 (same). Neither factor is at play here. In this case, Crawford already consented to jurisdiction in the federal district court of Nevada. The 2018 Agreement states "[t]he parties hereby (a) expressly consent to the sole and exclusive personal jurisdiction and venue of the state *and federal courts* located in Clark County, Nevada for any dispute between the parties." Arum Decl. ¶ 5. Given the parties' prior negotiated agreement that cases must be brought in Nevada state or federal court, permitting snap removal would not prejudice Crawford or violate his right to choose a specific forum.

Finally, perhaps the driving force behind this Court's prior decisions concerning snap removal is the assessment that snap removal allowed well-resourced defendants to game the system by removing before the plaintiff had a reasonable opportunity to serve the complaint. *Wells Fargo*, 2020 WL 7388621, at *3. On this point, the Court wrote:

> Snap removal, on the other hand, allows gamesmanship by defendants who are sophisticated and have sufficient resources (or suspicion of impending litigation) to monitor court filings and immediately remove a case before a forum defendant can be served. This practice has become more prevalent with the advent of modern technology that allows near-real-time monitoring of dockets across the country. Congress would not have wanted to stop gamesmanship by plaintiffs by allowing gamesmanship by defendants.

*Id.*

Importantly, any concerns about gamesmanship *in this case* counsel in Top Rank's favor. Top Rank was not monitoring the docket nor was it suspicious of impending litigation. Just the opposite, Crawford engineered a sneak attack by leaking his Complaint to the press while

///

delaying service on Top Rank.[7]  Top Rank did not become aware of the Complaint through the use of "modern technology that allows near-real-time monitoring of dockets around the county." *Wells Fargo*, 2020 WL 7388621, at *3.  Instead, the Complaint landed on Top Rank's radar when a reporter for the *New York Post* emailed a copy of the complaint to Arum within minutes of its filing.  Arum Decl. ¶ 6, Ex. 1.  Top Rank filed its petition for removal three days later, ECF No. 1, which permitted adequate time for Crawford to serve Top Rank's registered agent, whom Crawford easily could have located with a simple Internet search.  Crawford instead waited *12 days* after filing the Complaint, and *9 days* after receiving service of Top Rank's petition for removal to finally serve Top Rank.  ECF No. 6.  Crawford's delay in serving Top Rank is the result of its own gamesmanship, not Top Rank's attempt to contravene the goals of Congress.

### C. Crawford's Request for Attorney's Fees Should Be Denied.

No matter the result, there is absolutely no basis to award attorney's fees and costs.  Although 28 U.S.C. § 1447(c) permits courts to order payment of attorney's fees, the U.S. Supreme Court, the Ninth Circuit, and this Court have all held that attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005) ("We hold that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (same); *Wells Fargo*, 2021 WL 3081058, at *5 (same).

Based on the pro-removal decisions of four Circuits and several courts within this Circuit, Top Rank plainly had an objectively reasonable basis to seek removal.

Of course, at the time of removal, Top Rank did not know to which district court the matter would be assigned.  It was assigned to this Court.  Crawford appears to argue that, even if Top Rank had an objectively reasonable basis to remove *in the first place*, it had some

---

[7] This is not a case where plaintiff lacked the resources or wherewithal to serve the defendant quickly.  To the contrary, when the state court deemed the filing to be a "nonconforming document" due to Crawford's procedural errors, Crawford responded less than 24 hours later, fixing the defect.  Hone Decl. ¶¶ 8, 9 Exs. 1-A, 1-B.  (State Court Docket entry).  Yet, he waited another 11 days before serving Top Rank.

affirmative obligation to voluntarily remand once it learned this Court had been assigned. Crawford cites no authority for such a proposition, which should end the inquiry.

Furthermore, Top Rank had ample basis to make arguments to this Court about how this case is distinguishable from its prior cases on snap removal. As this Court recognized, "[d]istrict courts are in disarray on the question" of snap removal, and decisions can turn on specific circumstances. *See, e.g.*, *Wells Fargo*, 2021 WL 3081058, at *4; *Wells Fargo,* 2020 WL 7388621, at *3. If ever a case cried out for plaintiff's gamesmanship, it is one where the plaintiff dresses up a run-of-the-mill contract case with vicious and untrue allegations of racism, leaks the complaint to the *New York Post*, and offers a quote while delaying notice and service to the defendant.

Finally, during a February 7, 2022, conference of counsel before Crawford filed his motion to remand, Crawford's counsel reported that Crawford was undecided as to whether he would seek remand. Hone Decl. ¶ 5. Crawford remained undecided despite the fact that Top Rank had openly cited this Court's opinion in *Wells Fargo*, 2020 WL 7388621, in its Statement Regarding Removal. ECF No. 14. Crawford might have intentionally or unintentionally waived his right to seek remand of this case by failing to timely file a remand motion.[8] It is disingenuous for Crawford to request attorney's fees and assert that Top Rank should have voluntarily remanded this case in light of the Court's prior decisions when Top Rank had identified these authorities, and Crawford still was considering whether or not to seek remand. Crawford could have but did not serve a Rule 11 letter or even request a voluntary remand.

Top Rank respectfully submits there is zero basis for an award of attorney's fees or costs.

## IV. CONCLUSION

The only matter pending before this court is whether the proper application of 28 U.S.C.

---

[8] The forum defendant rule is a waivable non-jurisdictional rule. *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 942 (9th Cir. 2006) ("We hold that the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30–day time limit imposed by § 1447(c)."); *see also Carrington Mortgage Servs., LLC v. Ticor Title of Nevada, Inc.*, 2020 WL 3892786, at *2 (D. Nev. July 10, 2020).

§ 1441(b)(2) requires that at least one defendant be served before a forum state defendant, who has not been served, may exercise its statutory right to remove an action to federal court.  By the statute's plain language, it does not.  Moreover, Top Rank's removal of the Complaint before Crawford served it was not a result of gamesmanship on Top Rank's part and will not prejudice Crawford, who has expressly consented to this court's jurisdiction.  Crawford's motion to remand should be denied.

DATED this 28th day of February 2022.

_____
O'MELVENY & MYERS LLP
Daniel M. Petrocelli, CA Bar No. 97802*
dpetrocelli@omm.com
David Marroso, CA Bar No. 211655*
dmarroso@omm.com
Joseph Guzman, CA Bar No. 310493*
jguzman@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Phone  310-553-6700
Fax     310-246-6779
*Admitted pro hac vice

HONE LAW
Eric D. Hone, NV Bar No. 8499
ehone@hone.law
Jamie L. Zimmerman, NV Bar No. 11749
jzimmerman@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax     702-703-1063

*Attorneys for Defendant Top Rank, Inc.*



**CERTIFICATE OF SERVICE**

The undersigned, an employee of Hone Law, hereby certifies that service of the foregoing document was made on the 28th day of February 2022 via the Court's CM/ECF filing system addressed to all parties on the e-service list.

_____
Candice Ali, an employee of HONE LAW