# EXHIBIT 1

Declaration of Eric D. Hone

**O'MELVENY & MYERS LLP**
Daniel M. Petrocelli, CA Bar No. 97802*
dpetrocelli@omm.com
David Marroso, CA Bar No. 211655*
dmarroso@omm.com
Joseph Guzman, CA Bar No. 310493*
jguzman@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Phone  310 553-6700
Fax       310 246-6779
*Admitted pro hac vice

**HONE LAW**
Eric D. Hone, NV Bar No. 8499
ehone@hone.law
Jamie L. Zimmerman, NV Bar No. 11749
jzimmerman@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax       702-703-1063

*Attorneys for Defendant Top Rank, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERENCE CRAWFORD, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>TOP RANK, INC., a Nevada corporation; and Does 1 through 20, inclusive,<br><br>                    Defendants. | Case No. 2:22-cv-00081-APG-EJY<br><br>**DECLARATION OF ERIC D. HONE IN SUPPORT OF TOP RANK, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

1

## <u>DECLARATION OF ERIC D. HONE</u>

I, ERIC D. HONE, hereby declare:

1.      I am an attorney at the law firm of Hone Law, counsel for Defendant Top Rank, Inc. in the above-captioned matter.  I am duly licensed to practice law in the State of Nevada and have personal knowledge of all facts addressed herein.

2.      I submit this declaration in support of Defendant Top Rank, Inc's Opposition to Plaintiff's Motion to Remand.

3.      On February 2, 2022, Top Rank filed its Statement Regarding Removal, ECF No. 14, which identified legal authorities regarding snap removal, including a "but see" citation to this Court's decision rejecting snap removal in *Wells Fargo Bank, N.A. v. Fid. Nat'l Title Group, Inc.*, 2020 WL 7388621, at *4 (D. Nev. Dec. 15, 2020).

4.      On February 7, 2022, I participated in a telephone conference with Hector Carbajal II, of Carbajal Law, counsel for Plaintiff Terence Crawford ("Crawford") regarding the anticipated upcoming schedule of motion practice in this case. Based upon the timing of Top Rank's Petition for Removal and Crawford's service of the Complaint, Crawford's motion to remand, if any, and Top Rank's first responsive pleading were both due on or before February 14, 2022.

5.      During this telephone conference, I informed Mr. Carbajal that, from Top Rank's perspective, it would serve the interests of judicial economy for the parties to have certainty regarding the forum this case would be litigated before Top Rank filed anticipated motions to dismiss Crawford's complaint. To that end, I asked Mr. Carbajal whether Crawford intended to file a motion to remand this case to state court. Despite being on notice of this Court's *Wells Fargo Bank* decision rejecting snap removal, *see* ECF No. 14, Mr. Carbajal informed me that Crawford was still deciding whether to move to remand this case.

6.      Although Crawford remained undecided as to whether he would pursue remand, the parties agreed that the resolution of a potential motion to remand before Top Rank filed certain anticipated motions to dismiss the complaint served judicial economy. To that end, the parties agreed to a two-tiered stipulation to extend Top Rank's deadlines to respond to the



complaint dependent on whether Crawford ultimately decided to file a motion to remand: (1) if Crawford did not file a motion to remand, Top Rank's deadlines to be extended 14 days to February 28, 2022; or (ii) if Crawford filed a motion to remand, (a) if the court denies the motion, Top Rank's deadlines to be extended 14 days after entry of said order or (b) if the court grants the motion, Top Rank's deadlines to be subject to the applicable procedural rules and order of the state court in the remanded proceeding.

7.    Because Crawford still had not decided whether he would file a motion to remand, the parties filed the two-tiered stipulation on February 11, 2022, three days before Crawford's deadline to move to remand. ECF No. 19. The Court entered an order granting same on the same day. ECF No. 20.

8.    Attached hereto as Exhibit 1-A is a true and accurate copy of the Clerk's Notice of Nonconforming Document, filed on January 12, 2022, by Steven D. Grierson, Clerk of the Court, in the matter *Crawford v. Top Rank, Inc.*, No. A-22-846568-B, District Court, Clark County, Nevada.

9.    Attached hereto as Exhibit 1-B is a true and accurate copy of the Clerk's Notice of Curative Action filed on January 13, 2022, by Steven D. Grierson, Clerk of the Court, in the matter *Crawford v. Top Rank, Inc.*, No. A-22-846568-B, District Court, Clark County, Nevada.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of February 2022.



_____
ERIC D. HONE

# EXHIBIT 1-A

Clerk's Notice of Nonconforming
Document filed on January 12, 2022

Electronically Filed
1/12/2022 1:35 PM
Steven D. Grierson
CLERK OF THE COURT

CNND

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| Terence Crawford, Plaintiff(s) | A-22-846568-B |
| vs. | Department 13 |
| Top Rank, Inc., Defendant(s) | |

## CLERK'S NOTICE OF NONCONFORMING DOCUMENT

Pursuant to Rule 8(b)(2) of the Nevada Electronic Filing and Conversion Rules, notice is hereby provided that the following electronically filed document does not conform to the applicable filing requirements:

Title of Nonconforming Document:   District Court Civil Cover Sheet

Party Submitting Document for Filing:   Plaintiff

Date and Time Submitted for Electronic Filing:   01/12/2022 at 7:07 AM

Reason for Nonconformity Determination:

☐ The document filed to commence an action is not a complaint, petition, application, or other document that initiates a civil action. *See* Rule 3 of the Nevada Rules of Civil Procedure.  In accordance with Administrative Order 19-5, the submitted document is stricken from the record, this case has been closed and designated as filed in error, and any submitted filing fee has been returned to the filing party.

☒ The document initiated a new civil action and the case type designation does not match the cause of action identified in the document. "Other Contract" was the selected case type designation on the District Court Civil Cover Sheet; however, "Business Court- Other Business Court Matters" was the selected case type when this matter was initiated in Odyssey File and Serve.

☐ The document initiated a new civil action and a cover sheet was not submitted as required by NRS 3.275.

1

☐ The submitted document initiated a new civil action and was made up of multiple documents submitted together.

☐ The case caption and/or case number on the document does not match the case caption and/or case number of the case that it was filed into.

☐ The document was not signed by the submitting party or counsel for said party.

☐ The document filed was a court order that did not contain the signature of a judicial officer. In accordance with Administrative Order 19-5, the submitted order has been furnished to the department to which this case is assigned.

☐ Motion does not have a hearing designation per Rule 2.20(b). Motions must include designation "Hearing Requested" or "Hearing Not Requested" in the caption of the first page directly below the Case and Department Number.

Pursuant to Rule 8(b)(2) of the Nevada Electronic Filing and Conversion Rules, a nonconforming document may be cured by submitting a conforming document. All documents submitted for this purpose must use filing code "**Conforming Filing – CONFILE**." Court filing fees will not be assessed for submitting the conforming document. Processing and convenience fees may still apply.

Dated this: 12th day of January, 2022

By:    /s/ Chaunte Pleasant
Deputy District Court Clerk

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2022, I concurrently filed and served a copy of the foregoing Clerk's Notice of Nonconforming Document, on the party that submitted the nonconforming document, via the Eighth Judicial District Court's Electronic Filing and Service System.


By:  ___/s/ Chaunte Pleasant_____
      Deputy District Court Clerk

3

# EXHIBIT 1-B

Clerk's Notice of Curative Action
filed on January 13, 2022

Electronically Filed
1/13/2022 1:15 PM
Steven D. Grierson
CLERK OF THE COURT

CNNDCA

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| Terence Crawford, Plaintiff(s) | A-22-846568-B |
| vs. | |
| Top Rank, Inc., Defendant(s) | Department 13 |

### CLERK'S NOTICE OF CURATIVE ACTION

In accordance with NEFCR 8(b)(2), notice is hereby provided that the Clerk's Office has replaced the following nonconforming document(s) with conforming document(s):

Title of Nonconforming Document:                District Court Civil Cover Sheet

Party Submitting Document for Filing:          Plaintiff

Date and Time Submitted for Electronic
Filing:                                                           01/12/2022 at 7:07 AM

The conforming document(s) have been filed with a time and date stamp which match the time and date that the nonconforming document(s) were submitted for electronic filing.

Dated this:  13th day of January, 2022.

By:   __/s/ Chaunte Pleasant__
Deputy District Court Clerk

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2022, I concurrently filed and served a copy of the foregoing Clerk's Notice of Curative Action, on the party that submitted the nonconforming document and all registered users receiving service under NEFCR 9(b), via the Eighth Judicial District Court's Electronic Filing and Service System.


By: ___/s/ Chaunte Pleasant_____
      Deputy District Court Clerk