UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERENCE CRAWFORD,<br><br>          Plaintiff<br><br>v.<br><br>TOP RANK, INC.,<br><br>          Defendant | Case No.: 2:22-cv-00081-APG-EJY<br><br>**Order Granting Motion to Remand**<br><br>[ECF No. 21] |

     Top Rank, Inc. removed this case to this court before it was served with process. Plaintiff Terence Crawford moves to remand the case to state court, claiming that removal is barred by the forum defendant rule found in 28 U.S.C. § 1441(b)(2). Crawford is correct, so I grant the motion and remand the case.

**PROCEDURAL POSTURE**

     Crawford filed this action in Nevada state court on January 12, 2022. Top Rank is the only defendant and it is a Nevada entity. ECF No. 1 at 2. Three days after Crawford filed his complaint, Top Rank removed the case to this court. Crawford had not yet completed service of process on Top Rank at that time. This tactic of removing a diversity case before a forum defendant has been served is termed a "snap removal." The goal is to avoid the bar against removal that exists when any defendant "properly joined and served" is a forum defendant. 28 U.S.C. § 1441(b)(2). Crawford contends that removal was improper because Top Rank is a forum defendant and the snap removal violated § 1441(b)(2).

**ANALYSIS**

     "Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quotation omitted). This burden on a removing defendant is especially heavy because "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* at 773-74 (quotation omitted); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Top Rank argues that the forum defendant rule does not bar removal here because it had yet not been "properly joined and served" at the time of removal, as required by the statute. 28 U.S.C. § 1441(b)(2). Crawford responds that snap removals like this violate the purpose of § 1441(b)(2), which is to preserve a plaintiff's choice of a state court forum by suing a proper forum defendant. The question is thus whether a forum defendant is permitted to remove a diversity case before it has been served.

The plain language of § 1441(b)(2) does not answer the question, as evidenced by the number of courts reaching different conclusions on whether snap removal is permitted under the statute. *See Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 317-18 (D. Mass. 2013) (collecting cases). "The question has deeply divided district courts across the country." *Id.* at 315.

In *Gentile*, Judge Woodlock held that § 1441(b)(2)'s plain language prohibits snap removal because it assumes that at least one defendant has been served before removal. *Id.* He properly applied the prior version of § 1441(b)(2). *Id.* That version stated that an action founded on diversity of citizenship "shall be removable only if none of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought."[1] In the phrase "none of the parties in interest properly joined and served," the word "none" functions as a pronoun and means "not any." *Id*. at 318.

> "Any," in turn, means "one or more indiscriminately from all those of a kind." . . . Inherent in the definition is some number of the "kind" from which the "one or more" can be drawn. Accordingly, the use of "none" and definite article "the" when referring to "parties" assumes that there is one or more party in interest that has been properly joined and served already at the time of removal, among which may or may not be a forum-state defendant. Thus, section 1441(b) conditioned removal on *some* defendant having been served.

*Id*. (simplified). Judge Woodlock noted that the current version of the statute—"any of the parties" instead of "none of the parties"—has the same meaning. "[T]he statute assumes at least one party has been served; ignoring that assumption would render a court's analysis under the exception nonsensical and the statute's use of 'any' superfluous." *Id*. Thus, a "basic assumption embedded in the statute [is] that a party in interest had been served prior to removal . . . ." *Id*. This interpretation precludes snap removals.

While this interpretation is not the only one possible, it is the most cogent. Reasonable jurists have interpreted this statute differently, and the fact that "[d]istrict courts are in disarray on the question"[2] confirms that the statute's language is ambiguous. I thus "look to canons of construction, legislative history, and the statute's overall purpose to illuminate Congress's intent." *Moran v. Screening Pros, LLC*, 943 F.3d 1175, 1183 (9th Cir. 2019) (simplified).

To confirm the validity of his interpretation, Judge Woodlock examined the history of the removal doctrine and the "properly joined and served" language. *Gentile*, 934 F. Supp. 2d at

---

[1] The statute was amended in 2011 to its present language. Judge Woodlock found that "the amendments did not materially change the relevant language of the statute." *Gentile*, 934 F. Supp. 2d at 316 n.2.

[2] *Gentile*, 934 F. Supp. 2d at 316.

319-21. "The removal power, and by extension the forum defendant rule, is founded on the basic premise behind diversity jurisdiction itself, [which] was designed to protect non-forum litigants from possible state court bias in favor of forum-state litigants." *Id.* at 319. Forum defendants presumably do not need protection from local bias, so § 1441(b)(2) instead protects the plaintiff's choice of a state court forum where a forum defendant is a proper party. *Id.*

There is scant legislative history to help interpret the phrase "properly joined and served." *Id*. But relevant caselaw confirms that the purpose "was to prevent plaintiffs from defeating removal through improper joinder of a forum defendant; incomplete service appears to have been included as a means of identifying and policing such abuse by proxy." *Id.* at 319-20. The goal was to thwart gamesmanship by plaintiffs who joined forum defendants with no intent of ever serving them.

Snap removal, on the other hand, allows gamesmanship by defendants who are sophisticated and have sufficient resources (or suspicion of impending litigation) to monitor court filings and immediately remove a case before a forum defendant can be served. This practice has become more prevalent with the advent of modern technology that allows near-real-time monitoring of dockets across the country. While there is no indication that Top Rank was trolling court dockets looking for lawsuits against it, it is apparent that it removed the case soon after becoming aware of it in an attempt to avoid the forum defendant rule. Congress would not have wanted to stop gamesmanship by plaintiffs by allowing gamesmanship by defendants. This is especially true where, as here, the only defendant is a forum defendant not needing the perceived protections of the federal court.

The purposes underlying § 1441(b)(2) are better served by disallowing removal before any defendant is served. The plaintiff can preserve its ability to remain in state court by serving

4

the forum defendant first and without delay. A non-forum defendant may still argue that the forum defendant is a sham who should be disregarded for purposes of removal. *See Gentile*, 934 F. Supp. 2d at 322-23. And this interpretation is consistent with § 1441(b)(2)'s plain language. *Id.* at 323.

Here, there is more than considerable doubt as to Top Rank's right to remove, so federal jurisdiction must be rejected. *Gaus*, 980 F.2d at 566. Top Rank is a forum defendant, and its removal was premature because it had not yet been served and only three days elapsed between filing the complaint and removal. I thus must remand the case to state court. I deny Crawford's request for attorneys' fees because, while removal was improper, the impropriety of snap removal is not so well-recognized to deem removal here frivolous or objectively unreasonable. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

**CONCLUSION**

I THEREFORE ORDER that plaintiff Terence Crawford's motion to remand **(ECF No. 21) is granted**. This case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 28th day of June, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

5